Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of articles in chief value of glass beads the same in all material respects as those the subject of *Walco Bead Co., Inc.* v. *United States* (29 Cust. Ct. 62, C. D. 1445), the claim of the plaintiffs was sustained.

No. 57610.—Williams, Clarke Company Agents for Atlas Trading Co. et al. *v.* United States, protests 952974–G, etc. (Los Angeles).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the items marked "A" consist of kidskin plates similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480) and that the items marked "B" consist of goatskins the same as those involved in *United States* v. *Winograd Bros., Inc.* (32 C. C. P. A. 153, C. A. D. 302), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra,* only so far as the items marked "A" are concerned.

No. 57611.—Williams, Clarke Co., Agts. for Atlas Furs, Inc., et al. *v.* United States, protests 969918–G, etc. (Los Angeles).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra.*

No. 57612.—President Novelty & Jewelry Co., Inc., et al. *v.* United States, protests 121415–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of shell strands the same in all material respects as the articles involved in *Puerto Rican Handcrafts* v. *United States* (30 Cust. Ct. 18, C. D. 1493), the claim of the plaintiffs was sustained.

No. 57613.—Amicale Trading Co., Inc., et al. *v.* United States, protests 159290–K, etc. (New York).

Opinion by OLIVER, C. J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159.   Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C.. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.   Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "T. D. 53159 Clean Content" in the schedule attached to and made a part of the decision in this case.

No. 57614.—Pennsylvania Wool Co., Inc. v. United States, protests 187475-̧K, 187791–K, and 188097–K (New York).

Opinion by OLIVER, C. J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159.   Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. .168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.   Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content" in the schedule attached to and made a part of the decision in this case.

BEFORE THE SECOND DIVISION, NOVEMBER 12, 1953

No. 57615.—Artgift Corporation v. United States, protest 175933–K (B) (New York).

Opinion by LAWRENCE, J.   In accordance with oral stipulation of counsel that the merchandise in question consists of a manufactured, finished article, in